**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUNYAN LIU, | No. 11-71270 |
| Petitioner, | Agency No. A089-302-576 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013**

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Junyan Liu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence factual findings, applying the standards governing adverse credibility determinations created by the Real ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on Liu's inconsistent testimony regarding whether family planning officials believed his children were twins and whether having twins violated the family planning policy, and based on an inconsistency regarding the issuance of his household registration booklet. *See Shrestha*, 590 F.3d at 1046-47. The BIA was not compelled to accept Liu's explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). We reject Liu's contention that the BIA improperly discounted his documents because the BIA provided "specific, cogent reasons" to give Liu's documents little weight. *See Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir. 2000). We also reject Liu's contention that the IJ did not consider his wife's letter and other documents, because the BIA considered his wife's letter and Liu has not overcome presumption that the BIA considered the entire record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Accordingly, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Liu's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim also fails. *See id*. at 1156–57.

**PETITION FOR REVIEW DENIED.**